

60 East Court Street
Doylestown, PA 18901
(215) 345-7000

August 4, 2026

**BY CM/ECF**

Ms. Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

Re: *Pappagallo v. Redco Corp.*, Nos. 25-2693, 25-2722, and 25-2824

Dear Ms. Dodszuweit,

Pursuant to Rule 28(j), I write to bring the Court's attention to the Eleventh Circuit's recent decision in *Town of Pine Hill, Ala. v. 3M Co.*, 2026 WL 2178967 (11th Cir. July 29, 2026) in which the plaintiff initially secured a remand of a water contamination claim by framing its claim as involving only the defendant's commercial PFAS products, and expressly excluding PFAS products that the defendant had supplied to the government while acting as a government contractor, only to have the remand reversed on appeal.

As to *removal jurisdiction*, this opinion stands for the proposition urged in Appellants' opening brief (*Appellants Brief*, pp. 20-26), that a plaintiff's subjective framing of his claim does not control 28 U.S.C. § 1442(a)(1)-based removal jurisdiction and cannot be used, as Appellees attempt here, to avoid removal of a claim involving an indivisible injury which the defendant has plausibly alleged was caused at least in part by its conduct as a government contractor. *Town of Pine Hill*, 2026 WL 2178967 at *4-5. Thus, even though removal jurisdiction is not at issue here given Appellees' failure to object to a lack of such jurisdiction relative to their claim as it existed at the time of removal, *Town of Pine Hill* offers persuasive support for rejecting Appellees' argument (*Appellees' Brief,* pp. 15-25) that removability is determined by a plaintiff's framing of his claim, rather than by the general gravamen of that claim as viewed through the lens of the defendant's theory of the case.

As to *subject matter jurisdiction*, *Town of Pine Hill* stands for the proposition that a disclaimer of the type at issue here cannot preclude a colorable *Boyle* or *Yearsley*-based government contractor defense where, as here, the removing defendant has plausibly alleged that, to the extent its conduct was a cause of the injury, at least some of that conduct occurred while it was acting as a government contractor. *Town of Pine Hill*, 2026 WL 2178967 at *6. As such, this

decision offers persuasive support for the argument made to that effect in Appellants' reply brief. (*Appellants' Reply Brief*, pp. 12-15).

Respectfully submitted,


    */s/ John P. McShea*

John P. McShea
Christopher G. Conley

*Counsel for Appellants ViacomCBS, Inc.*
*(n/k/a Paramount Global) and General*
*Electric Company*


cc. All Counsel of Record (*by CM/ECF*)