NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

ROBERT M. PALUMBOS
DIRECT DIAL: +1 215 979 1111
PERSONAL FAX: +1 215 689 4940
*E-MAIL:* RMPalumbos@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
SYDNEY
MYANMAR

ALLIANCES IN MEXICO

August 4, 2026

**FILED BY ECF**

Ms. Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:** ***Ignatius Pappagallo, et al. v. Redco Corp, et al.***
> **No. 25-2693**

Dear Ms. Dodszuweit:

We represent Appellant John Crane Inc. ("JCI"). We write pursuant to Rule 28(j) to address the Eleventh Circuit's recent opinion in *Town of Pine Hill v. 3M Company*, __ F.4th __, 2026 WL 2178967 (11th Cir. July 29, 2026). There, the Eleventh Circuit held that the federal officer removal statute conferred jurisdiction over the plaintiff's "state-law claims related to contamination . . . from products containing per- and poly-fluoroalkyl substances (PFAS)" and reversed the district court's order remanding the claims to state court. *Id.* at *1.

Similar to this case, the plaintiff in *Pine Hill* attempted to "sever the causal connection" between its claims and 3M's federal conduct by disclaiming damages related to 3M's production for the federal government. *Id.* at *4. The Eleventh Circuit agreed with 3M that in giving the disclaimer dispositive effect, "the district court impermissibly narrowed the scope of [Plaintiff's] charged conduct" and instead "should have credited 3M's theory of the case that the resulting contamination related back to the PFAS contamination *as a whole* and not only to" 3M's non-federal conduct. *Id.* (emphasis added). Because "3M plan[ned] to assert that one of the causes of the PFAS contamination" was its federal conduct, a state court would still need "'to determine the nexus between the charged conduct and [3M's] federal authority.'" *Id.* at *5 (quoting *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 188 (1st Cir. 2024)). The plaintiff's "disclaimers amount[ed] to artful pleading" that could not defeat federal jurisdiction. *Id.*

DuaneMorris

       The Eleventh Circuit's reasoning is consistent with precedent from the First, Fourth, and Seventh Circuits. *See* JCI Opening Br. at 18-26 (citing *Maine v. 3M Co.*, 159 F.4th 129, 130 (1st Cir. 2025); *Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025); *Baker v. Atl. Richfield Co.*, 962 F.3d 937 (7th Cir. 2020)). This Court should likewise reject Plaintiff's disclaimer as ineffective to defeat federal jurisdiction where Plaintiff's theory of the case would necessarily impose liability on JCI for its federally directed conduct.

       Respectfully submitted,

Robert M. Palumbos